**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN D. SEARLES, | : | |
| Plaintiff, | : | Civil Action No. 16-2981 (CCC) |
| v. | : | **MEMORANDUM AND ORDER** |
| KEITH HOOPER, | : | |
| Defendant. | : | |

Plaintiff Steven D. Searles, a prisoner currently confined under a work release program located in Bridgeton, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court denied Plaintiff's first IFP application, due to Plaintiff having submitted a partial prison account statement that did not cover the entire six-month period immediately preceding the filing of the Complaint, as required by 28 U.S.C. § 1915(a). (ECF No. 2 at 2-3.) Plaintiff then filed a second IFP application, (ECF No. 3), followed by an amended complaint with another amended IFP application. (ECF No. 4.)

The Court has reviewed both the second IFP application and the amended IFP application, and finds that they still do not meet the statutory requirements. In the second application, Plaintiff includes no account statement at all, and in the amended application, Plaintiff includes an account statement from the Central Reception and Assignment Facility ("CRAF"), dating from August 19, 2016 to October 10, 2016.[1] (ECF No. 4-2 at 3-4.) As the Court's previous order stated, what is

---

[1] The Court notes that Plaintiff has not filed a change of address with the Clerk, and the docket still lists Plaintiff as residing at his work release program address, not the CRAF.

missing is the account information between April 22, 2016 and May 22, 2016, during which Plaintiff was allegedly in a work release program.  (ECF No. 2-3.)  The account statement submitted as part of the amended application does not cover this time period, nor does it appear to be for said work release program.

Puzzlingly, in the amended application, Plaintiff asserts that he was incarcerated at either the Northern State Prison or the South Woods State Prison ("SWSP") from November 24, 2011 to February 11, 2016, and at the CRAF from October 5, 2015 to August 29, 2016.  (ECF No. 4-1 at 2.)  In other words, according to his own assertions, he was incarcerated at two separate penal institutions *simultaneously* for more than four months.  Also, while admitting he is now employed, he does not declare his monthly income.  (*Id.*)  Indeed, according to the account statement from the CRAF submitted with the amended application, there were transfers totaling $521.52 from his SWSP account to his CRAF account during September of 2016, (ECF No. 4-2 at 3), money that evidently was not in his SWSP account as of April 22, 2016, according to the account statement he submitted with his initial IFP application.  (*See* ECF No. 1-1 at 8.)  This is further evidence of potentially undisclosed income during the one-month gap that prompted this Court to deny the first IFP application.  Given these facts, the Court cannot grant the latest IFP application, as Plaintiff has failed to satisfy the statutory requirements for submitting a proper six-month account statement and a full declaration of income and assets.

IT IS therefore on this _____4_____ day of _____January_____, 2017,

ORDERED that this case is reopened to allow this Court to address Petitioner's application; it is further

ORDERED that Plaintiff's requests to proceed *in forma pauperis*, ECF Nos. 3 & 4-1, are hereby DENIED WITHOUT PREJUDICE; it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing, within thirty (30) days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a proper certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; Plaintiff is hereby notified that another defective application may result in a denial with prejudice; it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail; and it is further

**ORDERED** that the Clerk shall close the file in this matter.

**SO ORDERED.**

_____
Claire C. Cecchi, U.S.D.J.